## MARTIN v EQUITABLE LIFE ASSURANCE SOCIETY

Ohio Appeals, 2nd Dist, Montgomery Co

No. 1061. Decided May 14, 1931

Allaman, Funkhouser, Murr & Shellenberger, Dayton, for Martin.

Arnold, Wright, Purpus & Harlor, Columbus, for Equitable Life Assurance Society.

ALLREAD, J.

It is claimed in argument that the deceased was stricken with a physical breakdown during the period of grace and that his mentality was not sufficient to require him to pay the premium within the period of grace and that he thereafter died in the following month. We find nothing, either from the pleadings or from the findings of fact, upon which the case was submitted, to justify the inference that Martin, after his being stricken on the 18th of March, was insane or incapacitated mentally. The findings are that during this period he was stricken with a nervous breakdown, his mentality, so far as the special findings of fact were concerned, remained the same. He must be presumed to have known the register date of his policy and the expiration of the days of grace for the payment of the second premium. The only question is as to the construction of the policy as a whole. It was evidently the purpose of the Insurance Department to provide for a payment upon the death of the insured provided at that time that the premiums were all paid or at least that the days of grace had not expired. The question is whether the terms last quoted create an ambiguity between their provisions and the provisions for the payment of the amount due under the policy in case of death or permanent disability. We think that all these provisions of the policy tend to support the proposition that only in case of death before the policy lapses, was the amount due made payable. In none of the clauses do we find the proposition laid down that the insured would be liable if at the time of death there was any default in the payment of premiums. It is claimed that the clause in relation to the benefits gives the beneficiary the right to make due proofs of death before the expiration of one year after the default in the payment of premiums, etc., but this should be construed in connection with the clause that the death must occur during the life of the policy and before it was lapsed.

14

Counsel cite the decision of the Supreme Court in the case of **The Casualty Company v Roehm, 99 Oh St, 350;** The case of **Assurance Company v Roehm, 99 Oh St, 343.** In this case Roehm was injured in a game of basket ball, the injury appeared trivial but some months later, upon examination by a second physician, it appeared that the injury was significant and finally resulted in Roehm losing his eyesight. The policy was in force. The premiums had all been paid but Roehm had failed to notify the company of his injury within the time therein prescribed. It was held that Roehm was not bound to notify the company until he discovered or could have discovered the real nature of the trouble. We think, however, there is a difference between the provisions of a policy as to the presentation of a claim within a certain period of time and the provisions of a policy with reference to the payment of premiums and the lapses of the policy. We think a liberal rule prevails in respect to a notice such as the one required in the Roehm case rather than the condition precedent in the present case as to the payment of premiums. The payment of the premiums within the time prescribed went to the life of the policy and when the annual premiums remained unpaid after the date payable and after the grace had expired we find nothing in the policy that would prevent the company from lapsing its policy or would require it to respond for the amount therein provided for upon the death of the decedent. We admit that there may be something in the provision of the policy on the first page as to the payment of a disability income of $40.00 a month during the period of Martin's disability thereunder. This provision, however, refers to the subsequent provision and taking the provisions altogether we reach the conclusion that the amount payable of the policy upon the death of the assured would be determined by other provisions and the policy taken as a whole.

We do not find any ambiguity between the several clauses of this policy and find no reason why the assured should not have paid the annual premium within at least the days of grace. We think the recent case of **National Life & Accident Insurance Company v Ray, 117 Oh St pp. 13-22** is applicable. The judgment of the Court of Common Pleas must, therefore, in our opinion, be affirmed.

Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.